## DICKSON *v.* GRISSOM.

A statement made by a party to an action is inadmissible in evidence, though offered to be proved by the answer of a witness, introduced by the opposite party, to a question propounded on his cross-examination, where the statement has no necessary or pertinent connection with any fact sworn to by the witness, and its admission was excepted to in time.

An act of sale of land situated in another State, which appears to have been acknowledged by the parties executing it before a justice of the peace in that State, and is certified by the clerk of the court in whose office the act was recorded as a true copy from the records of his office, though accompanied by a certificate of the governor of the State of the official capacity of the clerk and of the certificate's being in due form, &c., is not admissible as evidence of the original act, but is simply a private writing, and must be proved as such. *Per Cur:* There is no evidence before us that the certified copy of

the act of sale would be received in evidence in any court of the State in which it was executed, without satisfactorily accounting for the non-production of the original.

APPEAL from the District Court of Ouachita, *Copley, J. Baker*, for the appellant. *R. W. Richardson*, for the defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This suit was commenced by attachment of the property of the defendant, and is founded on a claim for indemnity on account of the eviction of the plaintiff from a tract of land, sold by the defendant to the plaintiff in the State of Mississippi. The amount alleged to be due the plaintiff by the defendant is four hundred dollars, the price of the land, and one hundred dollars damages, and the further sum of ten dollars and interest, the amount of a promissory note of the defendant's held by the plaintiff. The judgment of the district court was in favor of the defendant on the principal claim and damages, and against him for the amount of the note, to wit, ten dollars, with interest, together with costs. The plaintiff has appealed.

It appears that *Allen*, a witness, who had been examined on behalf of the plaintiff, on his cross-examination stated that the defendant had said, "the plaintiff had more money in his hands that belonged to him, the defendant, than he gave for the land at sheriff's sale, and that the plaintiff had paid him a part of the price of the land, and had ,retained enough, or more money, in his hands than to pay his bid at the sheriff's sale," &c. This statement of the witness was made in answer to the question propounded by the counsel for the defendant, as to this declaration of the defendant being made simultaneously with a fact stated by the witness elicited by the question propounded, that he, the defendant, had left the State of Mississippi, very much in debt. We think this statement of the defendant himself is not admissible in evidence, and cannot be considered as having any necessary or pertinent connection with the fact sworn to. It having been excepted to by counsel, the exception ought to have been sustained.

Another bill of exceptions was taken to a decision of the judge, receiving in evidence a certified copy of the deed of the land from the defendant to the plaintiff, on the ground that it was a copy of a private act, the execution of which had not been proved and not properly authenticated, &c. The deed appears to have been acknowledged by the parties executing it, the defendant and his wife, before a justice of the peace in the State of Mississippi, and to have been recorded in the office of the clerk of the Court of Probates of Yazoo county, Mississippi, who certifies the copy offered in evidence as a true copy of the original deed as appears on record in his office. To this certificate is appended the certificate of the governor of the State, of the official capacity of the clerk, and that the certificate annexed is in due form, &c. According to our laws the copy is not admissible as evidence of the original deed, but is considered a private writing and requires to be proved as such. Nor is there any evidence before us that the certified copy of the deed would be received in evidence in any court in Mississippi, without the non-production of the original, being satisfactorily accounted for. We think the court erred in admitting in evidence the copy of the deed. It is not necessary to examine the objections taken to the certificates. The exclusion of this piece of evidence, on which the plaintiff's case rests, renders it necessary to remand the case.

It is therefore decreed that the judgment appealed from be reversed, and that the case be remanded for a new trial, with directions to the district judge to be

DICKSON
*v.*
GRISSOM.

governed as to the matters submitted in the bill of exceptions by the decision of this court thereon; the appellee paying the costs of this appeal.